## GARVIN *v.* WELLS.

The supreme court cannot take judicial notice of the provisions of a city ordinance.

In the appellate court, the presumption is in favor of the correctness of the decision of the district court. If there was error in the ruling made, the party complaining should show it.

Where the judgment of a justice of the peace is reversed upon writ of error, the cause should be remanded to the justice, or a trial *de novo* awarded in the district court.

*Appeal from the DesMoines District Court.*

TUESDAY, APRIL 12.

THE plaintiff sued before a justice of the peace, claiming fifty dollars for the value of a dog, killed by defendant. The answer admits the killing (says, however, that the animal killed was a bitch); that at the time he was the regularly authorized and acting marshal of the city of Burlington, and that there was an ordinance in force in said city in relation to dogs. (This ordinance is referred to as being

Garvin v. Wells.

found on page 56 of the revised ordinances of said city, and in no other manner.)   The answer also states, that before the killing, defendant had conformed to all the requirements of said ordinance; that the animal was subject to the tax specified in the ordinance; and that he had demanded this tax, and payment of the same had been refused by defendant.   To this answer there was a demurrer, for the following reasons:

*First.* Because the city had no power to authorize such killing.

*Second.* That the ordinance does not provide that the owner, whose dog is killed, shall not be indemnified.

*Third.* That said ordinance is unconstitutional and void.

This demurrer was sustained by the justice, and the cause taken to the district court upon writ of error.   That court reversed the decision of the justice, and rendered judgment against plaintiff, for the costs in both courts, and directed that defendant go hence without day.   Plaintiff appeals.

*C. Ben Darwin*, for the appellant.

*Starr & Phelps*, for the appellee.

WRIGHT, C. J.—The errors assigned are: 1. For reversing the judgment of the justice, &c.; 2. In rendering final judgment and dismissing the cause, instead of remanding the same to the justice.

However weighty or important the questions raised by the appellant by his demurrer, may be, as abstract propositions, we do not conceive it necessary to examine them, as the record stands in this case.   It will be observed that there is no objection made to the form of the answer, nor to the fact that the ordinance relied upon, is not properly made a part of the pleading.   The points made by the demurrer, relate to the power of the city to pass the ordinance, and its effect upon the right of the plaintiff to recover, granting the pow-

er to enact it. This court cannot take judicial notice of the provisions of the ordinance, nor is there anything in the record to inform us what, it is. We cannot, therefore, determine whether it is such an one as the city had the power to pass, nor its effects upon the plaintiff's right to recover, if defendant acted under it as marshal, in killing the dog. Had the objection been made, that the answer should have set forth the ordinance, and thus contained that upon which the defendant relied for his justification, a different question would have been presented. The presumption is, that the district court decided correctly, and that it either did not have this ordinance before it, and hence was unable to determine whether it was obnoxious to the objections made, or that being properly brought to its attention, it was found not liable to the objections. If there was error in the ruling made, the party complaining should show it. There is nothing in the record to repel the presumption of the correctness of the decision. *Conboy* v. *Iowa City*, 2 Iowa, 90.

The court erred in dismissing plaintiff's action, upon overruling the demurrer to the answer. The cause should have been remanded to the justice, or a trial *de novo* awarded in the district court. The judgment should have been substantially *respondent ouster*. For this error, the judgment is reversed.