**ROLOFF et al. v. PERDUE, Milk Market Adm'r, et al.**

**Civ. No. 10.**

District Court, N. D. Iowa, E. D.

Dec. 28, 1939.

W. A. Smith, F. A. O'Connor, Paul F. Smith, and E. Marshall Thomas, all of Dubuque, Iowa, for plaintiffs.

Edward G. Dunn, U. S. Atty., of Mason City, Iowa, John S. L. Yost, Sp. Asst. to Atty. Gen., Mary Connor Myers, Principal

Atty., Solicitor's Office, Department of Agriculture, of Washington, D. C., and Wm. B. Danforth, Asst. U. S. Atty., of Mason City, Iowa, for defendants.

SCOTT, District Judge.

An action by Al Roloff, owner and operator of a dairy and creamery known as "Happy Corners Dairy" in Grant County, Wisconsin, alleged to be a "handler" under the terms of the Agricultural Marketing Agreement Act of 1937, 7 U.S.C.A. § 601 et seq., and Order No. 12 as amended, issued by the Secretary of Agriculture, regulating the handling of milk in the Dubuque, Iowa, marketing area, effective June 16, 1939, and twenty-one dairy farmers resident and operating in said County and State, alleged to be "producers" under the terms of said Act and Order, against William O. Perdue, Milk Market Administrator, and C. W. Gould, Assistant Milk Market Administrator under said Order for Dubuque marketing area, praying for a declaratory judgment finding that the milk received by Al Roloff at his "Happy Corners Dairy" from the twenty-one dairy farmer plaintiffs, and others similarly situated, and used by him in the manufacture of cheese, should be included in the pooling arrangement of said Order; that said Al Roloff be declared to be a "handler" under the terms of said Order, both as to milk used by him for fluid milk distribution and for the manufacture of cheese; that the twenty-one dairy farmer plaintiffs and others similarly situated be declared to be "producers" under the terms of said Order; and that in the event the foregoing prayer is denied, plaintiffs then pray the Court to declare said Order repugnant to and in violation of the Fifth Amendment to the Constitution of the United States, U.S.C.A., on the ground that it deprives plaintiffs of liberty and property without due process of law and takes the plaintiffs' property for public use without just compensation.

As grounds of jurisdiction of this Court plaintiffs allege the Act of Congress and the constitutional provision above stated, and that the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000. The facts stated probably disclose jurisdiction under the eighth paragraph of the Judicial Code § 24, as amended, U.S.Code Annotated, Title 28, § 41, conferring jurisdiction on United States District Courts "Of all suits and proceedings arising under any law regulating commerce." As well as jurisdiction under the provisions of § 8a(6) of the Act of May 9, 1934, 48 U.S.Stats. at Large, Chapter 263, page 675, as amended by § 9 of the Act of August 24, 1935, 49 U.S. Stats. at Large, Chapter 641, page 762, and as reenacted by § 1(c) of the Act of June 3, 1937, 50 U.S.Stats. at Large, Chapter 296, page 246, U.S.Code Annotated, Title 7, § 608a(6), by the provisions of which "The several district courts of the United States are hereby vested with jurisdiction specifically to enforce, and to prevent and restrain any person from violating any order, regulation, or agreement, heretofore or hereafter made or issued pursuant to this chapter, in any proceeding now pending or hereafter brought in said courts."

The further pertinent allegations of the complaint, concisely stated, are: That Roloff is engaged in processing milk, manufacturing cheese, butter and other dairy products, and distributing fluid milk in Cuba City, Wisconsin, East Dubuque, Illinois, Dubuque, Iowa, and in the environs of said places. That plaintiffs, other than Roloff, are farmers resident and operating as aforesaid, engaged in the production of milk which they sell and deliver to Roloff at "Happy Corners Dairy". That Roloff receives milk from forty-two farmers, including the twenty-one plaintiffs. That fluid milk distributed by Roloff is received from eleven farmers none of whom are parties, which farmers have complied with the requirements of the health ordinances of the City of Dubuque, Iowa, governing the supply of milk sold within said city, and each of said eleven farmers has been certified for more than six months last past by the health authorities of the City of Dubuque, as qualified producers of milk to be sold within said city. That other farmers who supply Roloff with milk, including the twenty-one plaintiffs, have never been so certified and all of their product has been used by Roloff in the manufacture of cheese, butter and other products, and is presently used in the manufacture of cheese. That all uncertified farmers, including the twenty-one plaintiffs, are eligible to be certified, and the milk produced by them is eligible to be certified under the ordinance of the City of Dubuque, had such farmers petitioned for such certification.

Plaintiffs further allege in substance that all milk sold and delivered to Roloff should be included in the market-wide pool ar-

rangement provided in said Order and that each of such farmers should in the administration of said Order be considered a "producer" as defined by said Order. That defendants contend that only the eleven farmers who produce, sell and deliver milk to Roloff which is used by him for sale in the Dubuque marketing area as milk or cream are "producers" within the terms of said Order, and that others whose milk is used by Roloff for the manufacture of cheese are not "producers" within the terms of said Order.

It is the contention of plaintiffs that Roloff is a "handler" as defined in said Order, and that all milk received at his "Happy Corners Dairy" should be included in the market-wide pool arrangement of said Order, but that defendants contend that Roloff is a "handler" only as to milk received by him and used for fluid milk distribution, and refuse to otherwise classify Roloff as a "handler" and refuse to classify the twenty-one farmer plaintiffs as "producers".

That defendants contend that milk produced by the twenty-one farmers and others similarly situated cannot be included in the pool arrangement of the Order because such farmers have not been certified by the health department of the City of Dubuque as qualified producers of milk for sale within the corporate limits of that city, although the Order itself is silent on the subject. That the defendants further contend that Roloff has kept physically separate milk sold fluid from milk used for cheese manufacture, and paid different prices for the two classes; that milk used for the making of cheese cannot be pooled under the arrangement of the Order, and that farmers producing such milk are not "producers" within the terms of the Order; that plaintiffs contend to the contrary, averring there is no provision in the Milk Order or the Agricultural Marketing Agreement Act to support defendants' contention.

That since the effective date of the Order, June 16, to August 31, 1939, the eleven fluid milk producers have delivered at "Happy Corners Dairy" 181,146 pounds, and the twenty-one plaintiffs and others, 559,667 pounds of milk, being a total of 740,823 pounds. That defendants have at all times refused to include in the pooling arrangement of the Order, the twenty-one farmers as "producers" and Roloff as a "handler" as to milk produced by them.

That on this basis defendants have announced pool prices and billed Roloff for payment of "Producers Settlement Fund" and for "Administration Expense" as follows: During the foregoing period, amounts aggregating $508.02 for "Settlement Fund", and $94.85 "Administration Expense".

That defendants have erred in so construing the Order, and had they properly construed it and included the twenty-one farmer plaintiffs' milk in the pool, defendants would owe Roloff on "Producers Settlement Fund", $2,659.69, and Roloff would owe defendants' "Administration Expense" $296.33; thereby a balance in favor of Roloff in the sum of $2,363.36.

Plaintiffs then allege Roloff's inability to pay the pool price to his co-plaintiffs because of his exclusion from the pool; and because of the controversy with the defendants, Roloff has refused to pay the defendants the sum claimed by them, and defendants have refused to pay Roloff the sum claimed by him, and that the situation presents an actual controversy within the Declaratory Judgment Act, 28 U.S.C.A. § 400.

Plaintiffs also allege (paragraph 16) the threat of the defendants and of the Federal Government to prosecute Roloff for failure to pay the defendants under their construction of the Milk Order. And plaintiffs further allege that if the defendants are correct in their construction of the Order, the Order is repugnant to the Fifth Amendment to the Constitution of the United States in that it unlawfully discriminates between plaintiff Roloff and other "handlers" and against the twenty-one farmer plaintiffs and makes unreasonable and arbitrary classification of "producers" and "handlers", and takes the property of plaintiff Roloff and the twenty-one farmer plaintiffs for public use without just compensation.

Plaintiffs exhibit upon the complaint a complete copy of the Order.

The defendants appearing by counsel file a motion to dismiss plaintiffs' complaint upon three grounds:

1. "On the ground that the Court is without jurisdiction to grant the relief prayed for in the complaint, for the reason that it appears from the provisions of the Agricultural Marketing Agreement Act of 1937 and the terms of Order No. 12, as amended, issued by the Secretary of Agriculture * * * that neither of

these defendants has any authority or power to invoke the enforcement provisions of the said Act recited in paragraph 16 of the complaint * * *, and there can be no actual controversy between the plaintiffs and the defendants with respect thereto."

2. "On the ground that the complaint fails to state a claim against the defendants upon which relief can be granted, because the complaint shows upon its face that the plaintiff Al Roloff maintains at his 'Happy Corners Dairy' two plants for the receiving of milk, at one of which plants milk is received 'for processing and distribution as fluid milk or cream, which is sold principally in quart, pint, and half pint bottles' in the marketing area, and at the other of which plants no milk is received which is disposed of in the marketing area, but all milk received is used 'in the manufacture of cheese, butter, and other products'; and a person producing milk which is received at the plant of the plaintiff Roloff from which no milk is disposed of in the marketing area is not a 'producer' within the meaning of said Order No. 12, as amended."

3. "To dismiss the action as to all of the plaintiffs except the plaintiff Roloff, on the ground that the complaint fails to state a claim on behalf of any one of said plaintiffs against the defendants upon which relief can be granted, because (a) under the provisions of the Agricultural Marketing Agreement Act of 1937 and by the terms of the said order of the Secretary, the prices which handlers of milk are required to pay producers are minimum prices, and any rights which such plaintiffs have to demand or to receive higher prices are not abridged or denied by any provision of the Act or by any provision of the order; (b) neither the Agricultural Marketing Agreement Act of 1937 nor said order of the Secretary requires any one of said plaintiffs to do anything or to refrain from doing anything; and (c) neither the Agricultural Marketing Agreement Act of 1937 nor the said order of the Secretary provides any penalty or claim which may be enforced against said plaintiffs."

The restrictions of the plaintiffs' complaint and of the defendants' motion present a situation involving some difficulty. Counsel for plaintiffs and counsel for defendants have each approached the issue apparently with a considerable degree of trepidation. It must be understood at the outset that the Agricultural Marketing Agreement Act of 1937, rests upon the power of Congress to regulate commerce among the several States. (I assume that no questions with foreign Nations or Indian Tribes are involved.) Section 8c, which invests the Secretary of Agriculture with authority to promulgate orders, provides: "Such orders shall regulate, in the manner hereinafter in this section provided, only such handling of such agricultural commodity, or product thereof, as is in the current of interstate or foreign commerce, or which directly burdens, obstructs, or affects, interstate or foreign commerce in such commodity or product thereof."

Order No. 12 in question provides: "That such handling of milk in the Dubuque, Iowa, marketing area, as is in the current of interstate commerce or which directly burdens, obstructs, or affects interstate commerce, shall, from the effective date hereof, be in compliance with the following terms and conditions:" Now, the complaint, so far as the twenty-one farmer plaintiffs and their product are concerned, shows that these twenty-one farmer plaintiffs produce milk on their farms in Wisconsin, and sell the same to their co-plaintiff, Roloff, at his "Happy Corners Dairy"; that Roloff manufactures such milk into cheese at the same dairy, and so far as any other or further state, use, relation or destiny of the cheese is concerned, the complaint is silent. There seems to be absolutely nothing in the complaint to indicate any interstate character of the milk sold by the twenty-one farmer plaintiffs, or the product thereof. I presume, however, that counsel for plaintiffs assume the milk of the twenty-one farmer plaintiffs to be invested with some interstate character, for otherwise I do not see how any "actual controversy" could arise as to such milk under the Agricultural Marketing Agreement Act. Another feature of the complaint a little difficult to understand is, that plaintiffs devote considerable attention to some supposed health ordinances of the City of Dubuque, but refrain from pleading any of the provisions of such ordinances, or exhibiting any copy thereof upon the complaint. So, whether the provisions of the supposed health ordinances would exclude the twenty-one farmer plaintiffs' milk from the marketing area, I have no way of determining.

Plaintiffs point out that the "power of Congress to regulate interstate commerce

also extends to local sales under the Milk Order" and cite, United States v. Rock Royal Co-Operative, Inc., et al., 307 U.S. 533, 59 S.Ct. 993, 1011, 83 L.Ed. 1446, and quote the following statement: "Where local and foreign milk alike are drawn into a general plan for protecting the interstate commerce in the commodity from the interferences, burdens and obstructions, arising from excessive surplus and the social and sanitary evils of low values, the power of the Congress extends also to the local sales."

The language quoted was not used in a case having similar characteristics to the instant one. United States v. Rock Royal Co-Operative, Inc., et al., supra, was an action brought by the United States against four handlers whose milk reached the area through interstate channels, to compel obedience to the Order. The milk of the handlers in question was "inextricably intermingled with and directly affects the marketing in the area of the milk which moves across state lines." The language quoted in plaintiffs' brief should of course be read in the light of the factual conditions of the Rock Royal case.

Now, coming to the defendants' approach to the issue, they seem studiously to avoid any challenge of the interstate character of the twenty-one farmer plaintiffs' milk, and restrict the attack upon the sufficiency of the complaint to more superficial and less vital characteristics. The argument of defendants' counsel at bar, as well as on the briefs, is devoted more extensively to an explanation of the policy of the legislation and its effect in operation, than to the sufficiency of the pleading attacked. The defendants' argument also extends to a stressing of matters entirely beyond the record. That is, to the details of the character of the plaintiff Roloff's plant, and also to the provisions of the Dubuque health ordinance, neither of which are to be found in the record. At the bar the Court questioned counsel as to how the Court could judicially know of the terms of the ordinance, and the reply was that the Government assumed that the Court would take judicial notice of the terms of the ordinance. However, I think the contrary rule prevails in the great majority of jurisdictions, and most surely in Iowa. Garvin v. Wells, 8 Iowa 286, 288; Hollgren v. Des Moines Railway Co., 174 Iowa 568, 576, 156 N.W. 690.

As to the first ground of the defendants' motion, I think it without merit. And assuming for the purpose of the particular point that the commodity in question may by amendment of the complaint be shown to have an interstate character, I think an "actual controversy" might arise wholly independent of the threat of the Government to prosecute the plaintiff Roloff. As to the second ground of the motion, it appears to be based upon an assumption of facts which do not appear in the record. I think it cannot be inferred from the contents of the complaint that Roloff necessarily has two plants. I think the third ground of the motion equally without merit if I am to assume that the milk in question is invested with an interstate character and that such milk is not excluded from the marketing area by any health ordinance, and so far as the complaint now discloses there is no such exclusion.

Now, inasmuch as each of the three points of the defendants' motion falls short, may the Court on its own motion dismiss the complaint on the broad ground of "failure to state a claim upon which relief can be granted"? Now, it is true that under Rule 12(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, this defense may be asserted by motion "at the option of the pleader." I incline to the opinion, however, that the Court, at least in the circumstances here present, cannot assert the defense on its own motion. Such procedure would deprive the plaintiffs of their right to amend, if per chance amendment is found feasible. I am, therefore, constrained to the conclusion that the defendants' motion to dismiss must be overruled, and the further fortune or fate of the cause must await future developments. It will be so ordered.