No. 17,498.

M. M. RINN *v.* CITY OF BOULDER.
(280 P. [2d] 1111)

Decided March 14, 1955.   Rehearing denied March 28, 1955.

Mr. WADE P. CONNELL, for plaintiff in error.

Mr. JOHN M. SAYRE, Mr. RUPERT M. RYAN, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will herein refer to plaintiff in error by name, and to defendant in error as the city.

One Earl R. Coon filed a complaint against M. M. Rinn in the police court of the city of Boulder charging a violation of the city traffic ordinances. Rinn entered a plea of not guilty.

Upon trial in the police court Rinn was adjudged to be guilty of careless driving and of failure to perform the duties required by ordinance upon striking an unattended vehicle. He appealed to the county court where he filed a Motion to Quash Summons and to Dismiss the Action, in which it was alleged that the summons and the complaint were insufficient to state a claim on which any relief could be granted the city, and that since it appeared on the face of the summons that the alleged collision between Rinn's car and the unattended vehicle occurred at the "Central School Parking Lot," no offense was committed against an ordinance which was applicable only to public thoroughfares. This motion was heard by the Judge of the county court and denied. Thereafter Rinn filed another motion to dismiss, in which it was alleged that the police magistrate who presided at his trial had no authority to hear the case. This motion likewise was denied, and Rinn then filed a request for jury trial.

The foregoing motions were heard at the same time, and, at the time they were denied the trial court allowed Rinn "ten days in which to file an answer, after which the case shall proceed to trial by jury as requested by the defendant." Rinn filed no answer, but lodged a "Motion to Dismiss and for Summary Judgment," which incorporated the matters previously ruled upon, together with others wholly immaterial. He also filed a motion to disqualify the lawyer who appeared on behalf of the city. Thereupon the city moved the court for an order dismissing the appeal, for the reason that defendant Rinn was in default in failing to file an answer as ordered by the court. This motion was heard and granted, and

the court dismissed the appeal. Rinn brings the case to this Court for review by writ of error.

### Question to be Determined.

█ *Where a person, charged in the police court of a municipality with having violated a traffic ordinance, enters a plea of not guilty and upon trial is found guilty; and where he thereafter appeals to the county court and demands a jury trial; does the county court have power to dismiss the appeal and cause writ of procedendo to be issued because of the failure of appellant to file an answer?*

The question is answered in the negative. When an appeal is taken from the judgment of a police court of a municipality to the county court, the trial upon appeal is a trial de novo of the issues made in the police court. In the instant case the issues were framed by the complaint and the plea of not guilty. As the case was at issue when the appeal was perfected, the county court could not lawfully require an answer. The not guilty plea and the demand for jury trial were full protection to Rinn against a dismissal of the appeal for failure to file an "answer" for which there is no provision in the established practice in such cases. The trial court erred in dismissing the appeal.

Numerous other grounds are argued as sufficient to warrant reversal. We pass upon none of them for the reason that they are not properly before us under the record in this case. They generally deal with ordinances of the City of Boulder and there was no proof or showing of any kind with reference to such ordinances. We cannot accept the recitation contained in the briefs of counsel concerning the nature of municipal ordinances as evidence of the existence thereof. We cannot take judicial notice of such ordinances, and, if material to a controversy, they must be made a part of the record, either by proof thereof or by stipulation of counsel.

The judgment is reversed and the cause remanded for

further proceedings consistent with the views herein expressed.