CITY OF RACINE, Respondent, vs. SMITH, Appellant.

*February 9—March 6, 1956.*

For the appellant there were briefs by *Baumblatt & Goodman* of Racine, and oral argument by *Robert P. Goodman*.

For the respondent there was a brief and oral argument by *Thomas P. Corbett,* city attorney, and *Jack Harvey* assistant city attorney.

CURRIE, J.   At the trial *de novo* had in the circuit court the plaintiff city did not offer in evidence the municipal ordinance under which the defendant was prosecuted. After return of the jury's verdict, defendant's counsel moved for judgment notwithstanding the verdict dismissing the complaint because of the failure of the city to prove the terms of the ordinance. The city countered with a motion asking the trial court to take judicial notice of the ordinance. The learned trial court denied defendant's motion and granted that of the city.

Sec. 328.02, Stats. 1953, read as follows:

"Municipal courts shall take judicial notice of ordinances in cities in which they have jurisdiction."

It is conceded that there was no statute then in effect which authorized the circuit court to take judicial notice of a city ordinance. Therefore, the question with which we are confronted is whether the circuit court, in a trial *de novo* had as a result of an appeal taken from a municipal court, may take judicial notice of a city ordinance of which the municipal court in the original trial was empowered so to do.

While this apparently is a case of first impression in this court, courts of other jurisdictions have passed upon it.

In an annotation appearing in 111 A. L. R. 959, 963, entitled "Judicial notice of municipal ordinances where action originates in a municipal court," it is stated:

"There is a conflict on the question whether or not an appellate court, trying *de novo* a case that originated in a municipal court, may take judicial notice of an ordinance of which the lower court might have taken notice, but the prevailing view apparently is that an appellate court will take such notice, *or at least may do so, where the case comes before it for a trial de novo, even in the absence of express statutory authority for so doing.*" (Emphasis supplied.)

See also 20 Am. Jur., Evidence, p. 62, sec. 38, and 31 C. J. S., Evidence, p. 542, sec. 27. Two recent decisions applying the majority rule are *Wells v. State* (1950), 152 Neb. 668, 42 N. W. (2d) 363, and *Huntington v. Salyer* (1951), 135 W. Va. 397, 63 S. E. (2d) 575.

The reasoning that has motivated courts to hold that in a trial *de novo* the appellate court may take the same judicial notice of a municipal ordinance, which is permitted on the part of the municipal court that originally tried the case, even though there may be no applicable statute authorizing the appellate court so to do, is well illustrated by the following quotation from the opinion of the Nebraska court in *Foley v. State* (1894), 42 Neb. 233, 235, 60 N. W. 574:

"Courts will not, as a rule, take notice of municipal ordinances, unless required to do so by special charter or general law; but to that rule there are recognized exceptions, among which is that courts of a municipal corporation will take notice, without allegations or proof, of its own ordinances. The ground of the exception noted is that such courts stand in the same relation toward the municipal laws of the city, or other corporation, as do courts of general jurisdiction toward the public laws of the state; and on appeal from a judgment of conviction before a police magistrate of a city for the violation of an ordinance thereof the court will, upon a trial *de novo,* take notice of such ordinance. In short, the

district court, or court of like general jurisdiction, will, on appeal from a municipal court, take notice of whatever facts the latter could have noticed judicially before the removal of the cause therefrom. The court exercising appellate jurisdiction in such cases is, as remarked by HORTON, C. J., in *Smith v. City of Emporia,* 27 Kan. 578, for the time being regarded as a substitute for the police magistrate."

The theory upon which a municipal court is authorized to take judicial notice of the ordinances of the municipality to which the court's jurisdiction extends is that such ordinances constitute the law of the forum and the judge of such a court must necessarily be familiar with the same, or at least with where they may be found in the official records of the municipality. On a trial *de novo* in an appellate court of general jurisdiction, such as our circuit courts, *the applicable municipal ordinances still constitute the peculiar law of the forum* inasmuch as the appellate court is sitting in such matter in lieu of the municipal court. Therefore, the appellate court in such trial *de novo* should have an equal right to take judicial notice of the applicable ordinances as did the original court of limited jurisdiction.

The majority rule, as quoted above from the annotation in 111 A. L. R. 959, is based on sound logic which commends itself to this court, and, we, therefore, adopt the same.

The 1955 legislature, by the enactment of sec. 18, ch. 221, Laws of 1955, which repealed and re-created sec. 328.021, Stats., effective January 1, 1956, has now expressly provided that judicial notice shall be taken of municipal ordinances by courts having jurisdiction in the premises. However, such statute has no retroactive effect, thus making it necessary for the instant case to be decided under the common law.

*By the Court.*—Judgment affirmed.