## State of Connecticut *v.* Jack Rosenblit

Appellate Division of the Circuit Court

File No. CR 14-59241

Argued November 28, 1966—decided March 10, 1967

*Louis F. Chrostowski,* of Hartford, for the appellant (defendant).

*Edward R. Smoragiewicz,* assistant prosecuting attorney, for the appellee (state).

Jacobs, J. The information in this case charged the defendant with abandonment of a refrigerator accessible to children in violation of § 23-9 (a) of the municipal code of the city of Hartford. See note, 86 A.L.R.2d 709, 710. The record before us discloses that the state failed to introduce in evidence the ordinance upon which this prosecution was founded.

"The question of the construction of the ordinance is one of law." *Norwalk* v. *Auction City, Inc.,* 186 Cal. App. 2d 287, 290. " 'Proof' of the ordinance does not make it a fact; it only presents for judicial consideration a part of the law which may not be as available as other parts." 2 Sutherland, Statutory Construction § 4305, p. 309. "An appellate court does not take judicial notice of municipal ordinances." 20 Am. Jur., Evidence, § 38 (Sup.

1966, p. 11); 31 C.J.S., Evidence, § 27. "The *ordinances* and regulations of *local government boards and councils* are usually not noticed." 9 Wigmore, Evidence (3d Ed.) § 2572, p. 522; see McKelvey, Evidence (5th Ed.) § 28, p. 47. "Of course, these technical quiddities, in the reviewing Court's rulings, refusing to take judicial notice, mean little more than that counsel should have taken care to adduce formal proof of the law or ordinance at the trial below . . . . But the curious layman will ask, In most of these cases, why did not the appellate Court send to the law library for the book and be done with the bother of looking up precedents to authorize and excuse not doing that? Or why not, in oral argument, take a recess, until counsel fetched the book and marked the page? Or even (!!!) why not call up both counsel by telephone and peremptorily order 'habeas corpus istius libri'?" 9 Wigmore, op. cit., p. 553; see Strahorn, "The Process of Judicial Notice," 14 Va. L. Rev. 544, 562; Model Code of Evidence rule 802, comment, cl. (a) (1942). The answer is that the trial court does not take judicial notice of ordinances, nor does this court. *Martin* v. *Board of Zoning Appeals,* 145 Conn. 735, 736; *Kiska* v. *Skrensky,* 145 Conn. 28, 32; *Appeal of Phillips,* 113 Conn. 40, 44; *Young* v. *West Hartford,* 111 Conn. 27, 31.

A test which has been advanced for refusing to take judicial notice of municipal ordinances is the unavailability of source material. In *Roden* v. *Connecticut Co.,* 113 Conn. 408, 415, our Supreme Court said: "The means to ascertain . . . what ordinances of a city are in effect at any particular time, without change or amendment, are certainly not reasonably available to the courts and frequently they are not capable of ready and unquestionable demonstration." "The Circuit Court is a State Court, and, as such, its judges cannot be presumed

to be conversant with the ordinances and regulations of each town. Such laws must be properly proved, for judicial notice cannot be taken of town ordinances." Holden & Daly, Connecticut Evidence § 25, p. 44. "If judicial notice is not taken, it is then necessary to prove the ordinance or resolution in the same manner as any other fact." 1 Wharton, Criminal Evidence (12th Ed.) § 47, p. 113; see *Sisk* v. *Shenandoah,* 200 Va. 277 (conviction dismissed for failure to prove the ordinance); *State ex rel. Peck* v. *Montgomery,* 150 W. Va. 580, 587 (semble).

Since the ordinance is not properly before us and was not before the court below as a matter of evidence, we cannot now, for the purpose of this appeal, consider it by judicial notice. *Howard* v. *United States,* 306 F.2d 392, 394.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion PRUYN and KOSICKI, Js., concurred.