Robert L. Worden et al., appellants, v. City of Sioux City, Iowa, a municipal corporation, appellee.

No. 52530.

(Reported in 152 N.W.2d 192)

July 11, 1967.

Kindig, Beebe, McCluhan & Rawlings, of Sioux City, for appellants.

Paul A. Mahr, of Sioux City, Assistant City Attorney, for appellee.

1220

Moore, J.—This is an appeal from judgment for defendant, City of Sioux City, in the action at law by five civil service police officers for claimed unpaid salary increases following their promotions from patrolman to sergeant or from sergeant to lieutenant. The principal question involves determination of the city ordinances or resolutions in effect and interpretation thereof. We reverse.

The claim of each plaintiff was pleaded in a separate count. When the case was called for trial to the court, the parties on May 19, 1966, filed this:

"STIPULATION AS TO FACTS. Comes now, the plaintiffs and the defendant, and stipulate to the following facts: That if the proper witnesses were called that the testimony would be as follows:

"1. Robert Worden was appointed to the Police Department on the 16th day of December, 1949. Prior to May 16, 1962, he was employed as a patrolman earning a salary of $425 per month. On May 16, 1962, he was appointed as a sergeant in the Sioux City Police Department, and his salary was increased to $445 per month and continued at said rate until March 1, 1963, when it was increased to $465 per month and continued at that rate until July 1, 1963, when it was increased to $485 per month.

"2. Frank Banys was appointed to the Police Department on the 9th day of May, 1945. Prior to September 1, 1963, he held the position of sergeant, earning a salary of $485 per month. On September 1, 1963, he was promoted to lieutenant and received thereafter a salary of $510 per month until July 1, 1964, when his salary was increased to $535 per month.

"3. Dale Wilson was appointed to the Police Department on the 1st day of June, 1952. Prior to January 1, 1964, he was employed as a patrolman at a salary of $445 per month. On January 1, 1964, he was appointed to the position of sergeant and received a salary of $465 per month until January 1, 1965, when his salary was increased to $485 per month.

"4. Charles Reed was appointed to the Sioux City Police Department on the 16th day of September, 1950. Prior to January 1, 1964, he was employed as a patrolman at the rate of $445 per month. On January 1, 1964, he was promoted to sergeant

and received a salary of $465 per month until January 1, 1965, when he received a salary of $485 per month.

"5. Robert Widner was appointed to the Sioux City Police Department on the 1st day of July, 1953. Prior to December 2, 1963, he was employed as a patrolman at a salary of $445 per month. On December 2, 1963, he was promoted to sergeant and received a salary of $465 per month until January 1, 1965, when his salary was increased to $485 per month.

"It is further stipulated that the applicable resolutions to be considered by the Court are Resolution No. R-10207 passed March 28, 1960; Resolution No. R-13574 passed December 18, 1961, and effective on January 1, 1962; Resolution No. S-237 passed February 25, 1963, and effective March 1, 1963; and Resolution No. S-2083 passed January 27, 1964."

Copies of the resolutions referred to in the stipulation were made a part thereof.

Resolution No. R-10207 states it is: "A resolution providing for the adoption and use of a revised classification plan for positions in the municipal service of the city of Sioux City, Iowa, together with pay schedules to be used as a basis for the compensation of employees in each of the classes of positions so adopted and for the rules for the application of such pay schedules." It covers 23 pages of the record.

Resolution R-13574 amends R-10207 by revising the pay schedules. It also provides an employee shall be paid in accordance with pay step commensurate with his years of service with the city.

Resolution S-237 amends R-10207 and R-13574 by again revising pay schedules for city employees. Resolution S-2083 amends R-10207 relating to advancement of employees and repeals a section thereof relating to steps for increased compensation when an employee is promoted.

Each plaintiff had been a member of the police department for many years. Each contended proper construction of the resolutions contained in the stipulation entitled him immediately upon promotion to the maximum compensation of those holding his rank. Plaintiffs were not so paid. Defendant asserted each

plaintiff was only entitled to the full increase in pay on the "anniversary" following his promotion.

The only record submitted to the trial court was the stipulation. The court then granted plaintiffs five days to file their brief and defendant five days thereafter to file its brief.

After plaintiffs' brief was filed, defendant filed an "Application to modify stipulation and application to introduce additional evidence." It was set out in two counts. Defendant stated it had discovered a resolution, R-13701, passed January 8, 1962, which had not been indexed. A copy thereof was attached to the application. It purported to amend R-13574 and repeal material parts thereof. In Count I of the application defendant asked the stipulation be modified on the ground R-13701 was unknown to the parties at the time of the stipulation. The effect of such a change would be contrary to the agreement of the parties that R-13574 was in effect in the form attached to the stipulation. In Count II defendant asked to be allowed to submit additional evidence which would consist of resolution R-13701.

Plaintiffs filed written resistance to both counts of the application and on oral submission thereof made it clear they were not agreeing to a modification or the validity of the claimed newly discovered resolution.

In oral argument on the application defendant recognized plaintiffs' position and opposition and stressed the necessity of an opportunity to introduce additional testimony. Defendant's counsel stressed the materiality and importance of this additional proof.

At the close of the oral argument the court stated: "Let the record show that the court submits the application to modify stipulation filed by the defendant."

About four weeks later the trial court filed findings of fact, conclusions of law and entered judgment against plaintiffs. The court therein stated resolution R-13701 had been passed by the city council January 8, 1962, and was effective January 1, 1962. The record discloses no such pleading or proof. The court did not rule a modification of the stipulation was allowed or decide defendant's application to reopen.

The trial court recognized and applied resolution R-13701 in his determination of this case. As claimed by plaintiffs this resulted in reversible error.

Consideration of resolution R-13701 went outside the record. Plaintiffs were given no opportunity to attack its validity. They contend here under their third assigned error if it was ever properly passed, which plaintiffs do not admit, it is in conflict with civil service statutes, particularly Code sections 365.9 and 365.18. Under the procedure adopted by the trial court they were denied an opportunity to so plead and make such an attack in the lower court.

Defendant being the successful party in the court below, of course, has not complained of the court's summary action. We must observe, however, defendant's request to reopen and offer further proof was thereby denied without a ruling. Defendant was given no opportunity to amend its answer.

In 29 Am. Jur.2d, Evidence, section 37, page 72, the editor states: "In the absence of statutory requirement, courts of general jurisdiction, whether civil or criminal, will not take judicial notice of the bylaws and ordinances of municipal corporations; such bylaws and ordinances, like other material facts, must be pleaded and proved."

We recognize and apply these legal principles. Garvin v. Wells, 8 (Clarke) Iowa 286, 288, and Goodrich v. Brown, 30 Iowa 291, 294. See also Roloff v. Perdue (Iowa N. Dist., 1939) 31 F. Supp. 739, 743.

In Hollgren v. Des Moines City Ry. Co., 174 Iowa 568, 576. 156 N.W. 690, 693, we say: "This court will not take judicial notice of the provisions of the ordinance nor apply its provisions in a case where it has not in some proper manner been made a part of the record."

In this law action our review is for correction of errors at law. It is not here triable de novo. Rule 334, Rules of Civil Procedure. As we have pointed out the trial court committed reversible error.

The judgment of the trial court is reversed and the case remanded for a new trial. Costs of this appeal are taxed against

1224

defendant.—Reversed and remanded.

All JUSTICES concur except RAWLINGS, J., who takes no part.