**No. C-693** .

**The City of Pueblo, a municipal corporation v. Jerry L. Murphy**

(542 P.2d 1288)

Decided December 1, 1975.

Thomas E. Jagger, City Attorney, Lee N. Sternal, Assistant, for petitioner.

No appearance for the respondent.

Roger Noonan, City Attorney, Benjamin King, Deputy, for amicus curiae, City of Arvada, Colorado.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The issue postured for review in this proceeding is may a county court take judicial notice of municipal ordinances when an appeal is taken from the municipal court to the county court for a trial de novo? In our view, an affirmative answer is required as to this issue, and we, therefore, disapprove of the rulings of the county court and the district court.

■ The defendant, Jerry L. Murphy, was found guilty of careless driving by the Pueblo municipal court, Sec. 5-2, Model Traffic Code [as adopted by the 1971 Pueblo Municipal Code of Ordinances]. He appealed to the county court, where he was granted a trial de novo. An appeal may be taken by any defendant from any judgment of a municipal court not of record to the county. court, pursuant to Section 13-10-116, C.R.S. 1973. *See also* Comment, *Colorado Appellate Procedure,* 40 U. Colo. L. Rev. 551 (1968). The defendant, since the municipal court of Pueblo was not a court of record, was entitled to start afresh in the county court without regard to the proceedings in the municipal court. *City of Pueblo v. Trujillo,* 150 Colo. 549, 374 P.2d 863 (1962). In the county court, the prosecution's case was dismissed after duly authenticated and certified copies of the applicable Pueblo ordinances were denied admission in the absence of authenticating testimony of the person charged with the responsibility of keeping the original ordinance. The county judge's refusal to take judicial notice of the ordinance resulted in the defendant obtaining a dismissal of the charge of careless driving in the county court.

Pueblo then appealed to the Pueblo district court on the question of admissibility of the Pueblo ordinances. This procedure was consistent with our ruling in *People ex rel. City of Aurora v. Smith,* 162 Colo. 72, 424 P.2d 772 (1967).[1] The district court declared that the ordinances were properly excluded under the provisions of C.R.S. 1963, 139-34-8,[2] and affirmed the county court. The matter is now before us on certiorari.

The admissibility of municipal ordinances has provided a fertile ground for controversy. The prevailing view is that municipal courts may take judicial notice of the municipal ordinances that fall within their jurisdiction. *Banks v. United States,* 287 A.2d 85 (D.C. Mun. App. 1972); *City of Lewiston v. Frary,* 91 Idaho 322, 420 P.2d 805 (1966); *E. McQuillin, Municipal Corporations,* § 27.44 (3d ed.); Annot., 111 A.L.R. 959 (1937); *contra, McIntosh v. City of Pueblo,* 9 Colo. App.

---

[1] Section 13-6-310, C.R.S. 1973, provides, in pertinent part: "(1) Appeals from final judgments and decrees of the county courts shall be taken to the district court for the judicial district in which the county court entering such judgment is located. Appeals shall be based upon the record made in the county court."

[2] Now section 31-12-408, C.R.S. 1973.

460, 48 P. 969 (1897).

■ On the other hand, courts of general jurisdiction may not take judicial notice of the ordinances of municipal corporations in civil or criminal cases. *Dewell v. Lawson,* 489 F.2d 877 (10th Cir. 1974); *Tipp v. District of Columbia,* 69 App.D.C. 400, 102 F.2d 264 (1939); *State v. Rosenblit,* 4 Conn. Cir. 265, 230 A.2d 49 (1967); *Worden v. Sioux City,* 260 Iowa 1219, 152 N.W.2d 192 (1967); *E. McQuillin, supra,* § § 22.18 and 22.19. Similarly, in reviewing appellate issues, we have also declined to take judicial notice of municipal ordinances. *Rinn v. City of Boulder,* 131 Colo. 243, 280 P.2d 1111 (1955); *Garland v. City of Denver,* 11 Colo. 534, 19 P. 460 (1888).

■ The issue thus becomes one of determining whether a court which assumes the trial duties of the municipal court in a trial de novo appeal may take judicial notice of the same ordinances which the lower court does. The authorities are not totally in agreement on this issue, *see* Annot. 111 A.L.R. 959 and cases cited therein, but the majority of decisions would permit judicial notice to be taken, and their reasoning commends itself to this court. The appellate court in such a circumstance stands in the same position and has the same duties as the trial court. As a result, the county court may take judicial notice of the ordinances which were before the municipal court. *City of Lewiston v. Frary, supra; State v. Hohensee,* 164 Neb. 476, 82 N.W.2d 554 (1957); *City of Racine v. Smith,* 272 Wis. 374, 75 N.W.2d 454 (1956); *Johnson v. City of Tulsa,* 97 Okla. Crim. 85, 258 P.2d 695 (1953); *E. McQuillin, supra*; Annot. 111 A.L.R. 959 (1937).

Our decision in this case makes unnecessary a determination of whether dismissal was required by virtue of C.R.S. 1963, 139-34-8.[3] Since the Pueblo ordinances were subject to judicial notice by the county court, we disapprove of both the county court and district court rulings on the admissibility of the ordinances relating to careless driving.

[3] Now section 31-12-408, C.R.S. 1973.