No. C-968

**Mark Chavez v. People of the City of Lakewood by and on behalf of the State of Colorado**

(561 P.2d 1270)

Decided April 4, 1977.

Mellman, Mellman and Thorn, P.C., Douglas W. Johnson, for petitioner.

Raymond C. Johnson, City Attorney, Howard Y. Harris, Jr., Deputy, Roy S. Howard, Acting City Attorney, for respondent City of Lakewood.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

We granted certiorari to review the dismissal of an appeal which was taken from the Lakewood municipal court to the district court of Jefferson County. We reverse and remand to the district court for determination of the issues on appeal on the merits.

Mark Chavez was tried in the Lakewood municipal court and convicted of reckless driving. *Lakewood Municipal Code* 10.18.010. He appealed his conviction to the Jefferson County district court.

The Lakewood municipal court is a court of record. Accordingly, the appeal was to be based upon a review of the record made in that court and was not to be a trial *de novo. See* section 13-6-310, C.R.S. 1973. *Compare* section 13-10-116, C.R.S. 1973 (trial *de novo* for appeal from municipal court not of record). At the time arguments were to be heard in the district court, the trial judge, pursuant to C.M.C.R 237(b) and Crim.P. 37, dismissed the appeal *sua sponte.* The district court reasoned that it was the duty of the appellant to perfect the record on appeal and that, therefore, "it was incumbent upon the Appellant to certify Section 10.18.010 [the Lakewood Traffic Ordinance] as part of the record." The trial judge concluded that the district court could not take judicial notice of the ordinance and ordered the appeal dismissed.

In *City of Pueblo v. Murphy*, 189 Colo. 559, 542 P.2d 1288 (1975), we held that a district court that is considering an appeal from a municipal court that is not a court of record stands in the same position as the municipal court, since review is permitted on a trial *de novo* basis. We now extend the rule announced *City of Pueblo v. Murphy, supra*, to include appeals from a court of record to the district court to bring about the speedy and final disposition of such appeals.

At the time this issue was considered by the district court, the status of judicial notice in the context of an appeal on the record to a district court was not fully charted. *Compare City of Pueblo v. Murphy, supra, with Rinn v. City of Boulder*, 131 Colo. 243, 280 P.2d 1111 (1955) (appellate court will not take judicial notice of municipal ordinance not in record) (dictum).

In this case, the municipal court properly took judicial notice of the ordinance. It seems incongruous that the content of the ordinance should suddenly become a disputed issue of fact solely because the same case stands before the district court on appeal. In the seminal case of *Orose v. Hodge Drive-It-Yourself, Inc.*, 132 Ohio St. 607, 9 N.E.2d 671 (1937), the court said:

"An ordinance, like a state statute, is a matter of fact, except within the jurisdiction of its adoption. In the case at bar the ordinance was a matter

of law in the municipal court and by what transformation it could become a matter of fact in the reviewing courts on appeal is not apparent. If it was the law in the trial court, it was law in the reviewing courts below. . . . Since the courts are presumed to know the law and take notice of it judicially, it is not required that the ordinance be set forth in the record."

*See generally*, Annot. 111 A.L.R. 959 (1937); *see also Fed. Rules of Evid.* 201 (1975); *Uniform Rules of Evid.* 201 (1974); *C. McCormick, Law of Evidence* § 326 at p. 696 n. 10 (1954) (better view is that court will follow judicial notice of law of trial court).

■ Accordingly, we now hold that where a municipal ordinance was properly the subject of judicial notice in the municipal court, and the case is then before a district court on appeal on the record, the district court may also take judicial notice of the municipal ordinance.[1] This does not foreclose the district court from requiring a showing, if necessary, of the content of the ordinance.

We reverse and remand to the district court with directions to take judicial notice of the Lakewood Municipal Code.[2]

---

[1] The respondent argues that the result would be a requirement that the courts "keep all city codes on file with the court, all city ordinances, not codified, on file with the court and be responsible for updating those codes and ordinances." We do not agree with this "parade of horribles" argument. Simply because a court may take judicial notice of a municipal ordinance does not mean that it must likewise maintain a library of such ordinances. The role of judicial notice is to facilitate proof of a given fact — it does not mean that a court cannot require counsel to present a certified copy of the ordinance to it for inspection if the ordinance to be considered is not readily available or is contested.

[2] We do not here reach the issue of the role of judicial notice when a municipal ordinance is at issue before the court of appeals or this court. *Compare Rinn v. City of Boulder, supra; Garland v. City of Denver*, 11 Colo. 534, 19 P. 460 (1888) (dictum).