## No. 79SA60

## The People of the State of Colorado v. Mitchell Hight
(599 P.2d 885)

Decided August 27, 1979.

J. E. Losavio, Jr., District Attorney, Amy S. Isaminger, Deputy, Stephen A. Jones, Deputy, for plaintiff-appellant.

No appearance for defendant-appellee.

*En Banc.*

Per Curiam

The district attorney brought this appeal,[1] contending that the judge of the juvenile division of the District Court of Pueblo County erred in failing to take judicial notice of a municipal ordinance of the City of Pueblo in a delinquency proceeding. We agree and disapprove the ruling.

The People filed a two-county delinquency petition against Mitchell Hight, a child under eighteen years. The first count charged the violation of section 18-4-504, C.R.S. 1973 (1978 Repl. Vol. 8), third-degree criminal trespass. Count two charged a violation of Pueblo City Ordinance 11-1-64.

The court denied a motion to dismiss count one of the petition. It submitted the issue to the jury, which returned a verdict of not guilty. The court granted a motion to dismiss the second count on the ground that the prosecution had "failed to show that the ordinance is in effect, and there being no request that judicial notice be taken of that ordinance."

The juvenile has been acquitted on count one. He was in jeopardy as to count two at the time the motion to dismiss was granted. Therefore, we can do no more than to disapprove the ruling of the trial judge.

Because Mitchell Hight was a juvenile at the time he was charged with violating the Pueblo municipal ordinance noted above, "exclusive original jurisdiction" to hear those charges was vested in the juvenile division of the District Court. *See,* section 19-1-103(9)(a)(II), C.R.S. 1973 (1978 Repl. Vol. 8); section 19-1-104, C.R.S. 1973 (1978 Repl. Vol. 8). The juvenile court's assumption of jurisdiction carried with it the same trial duties as to juveniles who have violated Pueblo municipal ordinances, as the municipal court had to adults who violated the same ordinances.

---

[1] *See* section 16-12-102, C.R.S. 1973 (1978 Repl. Vol. 8); Colorado Rules of Juvenile Procedure 22(b).

■ Had the charges that were brought against Mitchell Hight been brought against an adult in the municipal court, that court would, without affirmative action on its part, have taken "judicial notice of the municipal ordinances that fall within its jurisdiction." *Pueblo v. Murphy,* 189 Colo. 559, 542 P.2d 1288 (1975). *See also, Chavez v. People,* 193 Colo. 50, 561 P.2d 1270 (1977). As noted above, the judge of the juvenile court in this case refused to take judicial notice of the municipal ordinance at issue here, first, because the ordinance had not been pleaded and proved, and second, because the court had not been asked to take judicial notice of the ordinance.

■ In *Pueblo v. Murphy, supra,* we held that when the county court "assumes the trial duties of the municipal court in a trial de novo appeal," it "may take judicial notice of the same ordinances which the lower court does." *Id.* at 561. Employing the same analysis in the case before us, we conclude that a court of the juvenile division of the district court should take judicial notice of those municipal ordinances within the contemplation of the juvenile code, when the municipalities are within the judicial district where the juvenile court sits.

■ When the juvenile court sits in the place of the municipal court, no purpose would be served by requiring that the ordinances in question be pleaded and proved, or that the court be specifically requested to take judicial notice of the ordinance in question. The juvenile court need not affirmatively announce that it is taking notice of an ordinance of a municipality within its district.

Ruling disapproved.

JUSTICE GROVES concurs in the result.

JUSTICE CARRIGAN does not participate.

JUSTICE GROVES concurring in the result.

In ruling the trial court stated that the prosecution had "failed to show that the ordinance is in effect, and there [was] no request that judicial notice be taken of that ordinance." As this was the posture of the matter, I would not here reach the issue of whether generally judicial notice should be taken of the ordinances. I would simply affirm on the ground stated by the trial judge.