**CITY OF CEDAR RAPIDS, Iowa, Appellee,**

v.

**Frank CACH and Lillian Cach, Appellants.**

**No. 64145.**

Supreme Court of Iowa.

Dec. 17, 1980.

Robert C. Nelson, Cedar Rapids, for appellants.

David P. McManus, Asst. City Atty., Cedar Rapids, for appellee.

Considered by REYNOLDSON, C. J., and HARRIS, McCORMICK, ALLBEE and LARSON, JJ.

LARSON, Justice.

The appellee, City of Cedar Rapids, brought this action seeking a decree of abatement and a permanent injunction against the appellants, Frank and Lillian Cach, for allegedly maintaining a fire hazard. The trial court, proceeding in equity, issued a mandatory injunction against the appellants, who contend on appeal that the trial court erred in taking judicial notice of the city ordinances and granting injunctive relief. We conclude that (1) although the trial court erred in judicially noting the city ordinances involved, the error was harmless because the ordinances had been made a part of the record, and therefore properly considered by the court; and (2) injunctive relief was properly granted.

The appellants were owners of property in Cedar Rapids which city inspectors had determined to be a fire hazard under its ordinances. Notice was served upon the appellants informing them of this determination and providing for a one–month period to correct the hazardous conditions. When the appellants failed to comply, the city instituted this action. At trial, the court took judicial notice of the three applicable ordinances and also admitted copies of two of them into evidence, over objections by the appellants.

■ I. *Application of Section 622.62(2), The Code 1977.* The general rule is that a court of general jurisdiction will not take judicial notice of a city ordinance. C. McCormick, *Handbook on the Law of Evidence* § 328, at 777 (1972); 2 Sutherland, *Statutes and Statutory Construction* § 39.05, at 127 (1973); 1 J. Weinstein, *Evidence* ¶ 200[02], at 200–7 (1979); 9 J. Wigmore, *Evidence* § 2572, at 552 (1940); 29 Am. Jur.2d *Evidence* § 37, at 72 (1967); 31 C.J.S. *Evidence* § 27, at 872–74 (1964). Under this rule, the ordinance must be pled and proved. *See* M. Ladd & R. Carlson, *Cases and Materials on Evidence,* 95–96 (1972); McCormick, *supra* § 355, at 777; 29 Am.Jur.2d *supra* § 37, at 72.

Three ordinances are involved in this case: ordinances 37–75 and 59–78, which adopted by reference the 1973 and 1976 Uniform Fire Codes, respectively, and ordinance 37–57, which established enforcement procedures. The appellants contend the procedural ordinance, 37–57, was pled but not proven because a copy was not introduced into evidence; and that the substantive ordinances, 37–75 and 59–78, which were admitted into evidence, had not been pled. The appellants argue that under such circumstances, where there has been a failure in the pleading and proof, the trial court was precluded from considering the ordinances. Section 622.62(1), The Code 1977, modified the general rule by requiring a court to take judicial notice of ordinances if certain criteria were met:

The printed copies of a city code and of supplements to it *which are purported or proved to have been compiled pursuant to section 380.8* shall be admitted in the courts of this state as presumptive evidence of the ordinances contained therein. When properly pleaded, the courts of this state shall take judicial notice of ordinances contained in a city code or city code supplement.

(Emphasis added.) And, as to ordinances not qualifying for judicial notice, subsection (2) of the same statute provides that:

The printed copies of an ordinance of any city *which has not been compiled in a city code or a supplement pursuant to section 380.8* but which has been published by authority of the city, or transcripts of any ordinance, act, or proceeding thereof recorded in any book, or entries on any minutes or journals kept under direction of the city, and *certified by the city clerk,* shall be received in evidence for any purpose for which the original ordinances, books, minutes, or journals would be received, and with the same effect.

§ 622.62(2), The Code 1977 (emphasis added).

The appellants contend that the trial court was barred from taking judicial notice of the municipal ordinances under subsection (1) because the city failed to prove the ordinances were "copies of a city code ... compiled pursuant to section 380.8," and that the city could not proceed under subsection (2) because it had not proved the ordinances were *not* compiled pursuant to section 380.8.

Despite the fact the city made no showing the ordinances were compiled under section 380.8, the trial court took judicial notice of them, apparently under section 622.-62(1). The appellants contend this was error; the city counters that, even if it were, it was harmless error because the ordinances were "made a part of the record," *Weldon v. Zoning Board of City of Des Moines,* 250 N.W.2d 396, 399 (Iowa 1977), and therefore were properly considered by the court. We agree with the city on this issue.

The general rule denying judicial notice of municipal ordinances has been criticized as too restrictive. One authority has said:

> In the case of local ordinances, judicial notice was originally withheld by other courts than those of the local government which adopted the ordinance in question on the ground that only the judge of the municipal court was likely to have knowledge about or access to the ordinance and that therefore the rule of availability would naturally be limited to that court. The facts do not support the rule. Regardless of the court, if the ordinance is available, is reliable and is known to the court, it should be judicially noticed. Today a growing number of cities are publishing their ordinances in available and reliable form. Where ordinances are so available or are actually known to the court, the formal rule limiting judicial notice to municipal courts should be abandoned.

2 Sutherland, *supra* § 39.01, at 121–22. Similarly, another authority advocates relaxation of the general rule commensurate with increased availability of the ordinances:

> [M]unicipal ordinances ... are not commonly included within the doctrine of judicial notice and these must be pleaded and proved. To extent that these items become readily available in compilations, it may be expected that they will become subject to judicial notice; whereas, in the meantime, it would appear appropriate for judges to take judicial notice of both private laws and municipal ordinances if counsel furnish a certified copy thereof.

McCormick, *supra* § 328, at 777 (footnotes omitted). In light of these observations, we believe section 622.62(2) should be liberally construed for the purpose of admitting ordinances not qualifying for judicial notice under section 622.62(1).

We have said that ordinances which do not qualify for judicial notice must be "made a part of the record" in the trial court. *Weldon v. Zoning Board of the City of Des Moines*, 250 N.W.2d at 399; *see*

*Worden v. City of Sioux City*, 260 Iowa 1219, 152 N.W.2d 192 (1967). These cases do not mention the "pleading and proving" requirement of the general rule, *see e. g.*, McCormick, *supra* § 355, at 777; 29 Am. Jur.2d, *supra* § 37, at 72, nor is it a part of our statutory procedure for admission of ordinances into evidence. § 622.62(2). We believe this omission was intentional and that this simplified procedure reflects the modern, more liberal, view towards judicial construction of municipal ordinances as advocated by the authorities quoted above; and elimination of the common–law requirement that the ordinance be pled is consistent with our concept of "notice" pleading under Iowa R.Civ.P. 69(a). *See Lamantia v. Sojka*, 298 N.W.2d 245, 247 (Iowa 1980).

Under section 622.62(2) the procedure for admission of an ordinance is quite straightforward: if an ordinance is not codified under section 380.8 and thus not qualifying for judicial notice under section 622.62(1), it "shall be received in evidence" upon presentation of a copy certified by the city clerk. The appellants argue that these ordinances, which they concede were certified by the clerk, were nonetheless not properly admitted. They contend the substantive ordinances were not properly received because a sufficient "foundation" had not been established, and that the procedural ordinance was not properly received because it had not been offered as an exhibit. Copies of the two substantive ordinances, 37–75 and 59–78, were marked as exhibits and received in evidence. The third ordinance, 37–57, was neither marked nor received as an exhibit.

The objection made by the appellants to the offer of the substantive ordinances merely cited a general "lack of foundation," an objection which we have held insufficient to preserve error. *U.S. Homes, Inc. v. Yates*, 174 N.W.2d 402, 405 (Iowa 1970). Moreover, no "foundation" for the ordinances is required, only the clerk's certificate. Nor is it necessary that they be offered as exhibits at trial as contended by the appellant. These concepts appear to be

the result of confusing the insertion of law into the court's proceedings with the presentation of factual evidence; they are separate and distinct processes, and the rules concerning them should not be confused or interchanged. It has, in fact, been said that "the manner in which law is fed into the judicial process is never a proper concern of the rules of evidence but rather of the rules of procedure." Fed.R.Evid. 201, Note on Judicial Notice of Law (by the Advisory Committee). In addition, despite the "pleading and proving" language of the general rule, determination of applicable law is an issue of law, not of fact. *See Kalmich v. Bruno*, 553 F.2d 549, 552 (7th Cir.), *cert. denied*, 434 U.S. 940, 98 S.Ct. 432, 54 L.Ed.2d 300 (1977) (proof of foreign law); *Burnett v. Trans World Airlines, Inc.*, 368 F.Supp. 1152, 1155–56 (D.C.N.M. 1973).

We conclude that, notwithstanding the trial court's error in judicially noticing the ordinances, they had been "made a part of the record," *Weldon*, 250 N.W.2d at 399, in the manner provided in section 622.62(2), and were therefore properly considered.

II. *Injunctive Relief.* The appellants attack the trial court's issuance of injunctive relief on three bases: (1) the action was pled and tried at law under a nuisance theory, ch. 657, The Code 1977, rather than pursuant to the enforcement provisions of section 37–57 of the Cedar Rapids Fire Code; (2) the petition failed to allege the city did not have an adequate remedy at law; (3) the circumstances did not warrant a mandatory injunction. We consider only the last claim. (As to the first claim, while it is unclear from the petition what theory the city would pursue, the record indicates the parties tried the matter under the enforcement provisions of the municipal ordinance and we so treat it on appeal. The second claimed error was not raised in the trial court, and we will not consider it on appeal).

Several principles govern our consideration of whether a particular injunction is warranted: injunctive relief may be issued as a "preventive rather then curative remedy," *State ex rel. Turner v.*

*United–Buckingham Freight Lines, Inc.*, 211 N.W.2d 288, 291 (Iowa 1973), in the discretion of the trial court, *Iowa Natural Resources Council v. Van Zee*, 158 N.W.2d 111, 115 (Iowa 1968); for conduct which "endanger[s] public health," *State ex rel. Turner v. United–Buckingham Freight Lines, Inc.*, 211 N.W.2d at 291, or which consists of repeated and intentional violations of statutes, *id.*, or local ordinances, 43A C.J.S. *Injunctions* § 133, at 252 (1978); where, in enforcement actions brought by governmental units, the *public* interest so requires, *see id.* Upon a showing of "great necessity," an injunction may be mandatory in nature, requiring some affirmative act, *Iowa Natural Resources Council v. Van Zee*, 158 N.W.2d at 115 ("courts look upon [mandatory injunctions] with disfavor and [they] are granted with caution").

An examination of the circumstances here leads to the conclusion that the mandatory injunction was appropriate. There was substantial evidence at trial that the appellants were repeatedly warned by the city of the conditions creating the fire hazard, but that the problems were never remedied. The appellants thus maintained a condition which not only threatened their lives and property, but other lives and property as well, undermining the protective provisions of the safety ordinances. *See State ex rel. Turner v. United–Buckingham Freight Lines, Inc.*, 211 N.W.2d at 291. Under these circumstances, we find no error on the part of the trial court in granting the mandatory injunction.

AFFIRMED.