**Michael B. LIEBOWITZ, Plaintiff,**

**v.**

**AIMEXCO INCORPORATED, a Colorado corporation, Henry J. Smith, Herbert L. Greenberg, Yale H. Lewis, Jerrold L. Glick, L. Clark Kiser, Alan L. Talesnick, and W. Randall Deitrich, Defendants-Appellees,**

**and concerning**

**William A. Cohan, Appellant.**

**No. 84CA0307.**

Colorado Court of Appeals,
Div. I.

March 28, 1985.

As Modified on Denial of Rehearing
April 25, 1985.

Gerash & Robinson, Walter L. Gerash, Denver, for appellant.

Holland & Hart, R. Brooke Jackson, Maureen Reidy, Denver, for defendants-appellees.

BABCOCK, Judge.

William A. Cohan (Cohan) appeals from the trial court's order imposing sanctions against him for filing a frivolous motion for a continuance. We reverse.

Cohan is a solo and general practitioner. He was attorney for the plaintiff in this civil action before the trial court.

A hearing was scheduled for September 29, 1983, at 8:30 a.m. on the defendants' motion to dismiss the action. The sanctions here at issue arose after Cohan moved to continue the hearing predicated upon his representation of another client in Portland, Oregon.

On September 27, 1983, Cohan had traveled to Portland to represent the client who had been subpoenaed to testify before the federal grand jury on the morning of September 28th at 9:00 a.m. At this time his client had already been named as a "co-schemer" in a grand jury indictment. This matter also involved another individual represented by a Portland attorney.

On the morning of September 28, Cohan accompanied his client to the grand jury proceeding where his client was met by four government agents who Cohan believed were there to arrest his client. Instead, his client was served with another grand jury subpoena.

Cohan then met with the Portland attorney outside the grand jury room. As a result of their discussion, Cohan became aware of the extent of his client's potential liability in the matter. Moreover, it became apparent that an attorney from Phoenix, who also represented Cohan's client, had failed to cooperate with the Portland attorney regarding this matter. Therefore, the Portland attorney suggested mutual cooperation on the case. This meeting lasted until late morning. Because the Portland attorney had a brief afternoon appointment, the attorneys agreed that they would resume their meeting at 2 or 2:30 p.m. that day.

Although the grand jury hearing was concluded by 10:30 a.m., well before the only available afternoon flight for Denver,

Cohan decided that it was necessary to remain in Portland for the remainder of the day to consult further with the Portland attorney. The Portland attorney testified at the hearing on the motion for sanctions that, in his opinion, this consultation was of great benefit to both clients.

When Cohan called opposing counsel in the action here at issue, Jackson, from Portland, to request a continuance of the next day's hearing, Jackson did not speak to him and through his secretary informed Cohan that he refused to consent to a continuance.

Cohan was unable to reschedule or reroute his flight so as to arrive in Denver before the 8:30 a.m. hearing on the 29th. Consequently, on September 28th Cohan telephoned his secretary in Denver and directed her to draft and file in his name a motion for continuance. He relayed to her the substance of the motion, but did not dictate it. The motion recites that Cohan would be unable to appear at 8:30 a.m. on the 29th because of the "Portland hearing lasting longer than anticipated."

Counsel for defendants, Jackson, appeared at 8:30 a.m. on the 29th. He advised the trial court that because he was "suspicious" of Cohan's motion for continuance, he had telephoned the United States Attorney in Portland, who told him that the grand jury hearing was concluded at 10:30 a.m. the previous day. The trial court then suggested that defense counsel obtain an affidavit to that effect from the United States Attorney and invited the filing of a motion for sanctions.

On these facts, the trial court concluded that the motion for continuance was frivolous because, although miscommunication caused the motion erroneously to recite the word "hearing" rather than "matter," it was false on its face, and Cohan had preferred the Portland matter over the Colorado trial court's 8:30 setting. The trial court awarded attorney fees as sanctions in the sum of $1,498.

C.R.C.P. 121 § 1–15(7) provides that:

"If a frivolous motion is filed ... the court may assess reasonable attorney's fees against the party or attorney filing such motion...."

 A claim or defense is frivolous if the proponent can present no rational argument based on the evidence or law in support of that claim or defense. *Western United Realty, Inc. v. Isaacs,* 679 P.2d 1063 (Colo.1984); *Mission Denver Co. v. Pierson,* 674 P.2d 363 (Colo.1984); *International Technical Instruments, Inc. v. Engineering Measurements Co.,* 678 P.2d 558 (Colo.App.1983). Applying this standard to the facts of this case, we hold that the trial court abused its discretion in imposing sanctions against Cohan. Under the circumstances, there existed a rational basis in support of Cohan's motion for continuance.

Order reversed.

PIERCE and SMITH, JJ., concur.