**Lee W. JOHNSON, Plaintiff,**

**v.**

**IOWA DISTRICT COURT FOR MAHASKA COUNTY, Defendant.**

**No. 85–984.**

Supreme Court of Iowa.

April 16, 1986.

Jean B. Schustek, Des Moines, for plaintiff.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Sp. Asst. Atty. Gen., and Stephen C. Robinson, Asst. Atty. Gen., for defendant.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, WOLLE, and LAVORATO, JJ.

LARSON, Justice.

In a 1976 dissolution decree, Lee Johnson was ordered to pay fifty dollars per week child support. In 1985, he was cited for contempt for failure to make the required payments. The district court found Johnson to be in contempt and ordered him to serve 310 days in jail, one day for each week's default as computed by the court.

The court gave Johnson an opportunity to purge the contempt by paying the total arrearage of $15,528.74 within six days.

Johnson brought this certiorari action, and we ordered a temporary stay. On our review, we sustain the challenge to the contempt judgment insofar as it ordered incarceration beyond thirty days.

The plaintiff contends the district court's order violated two statutes dealing with contempt. He argues, first, that Iowa Code section 598.23(1), which provides for a maximum incarceration of thirty days for each "offense" in violating a dissolution decree, does not permit separate punishment for each separate default if there is only one hearing and one adjudication of contempt.

■ As an alternative argument, Johnson contends that Iowa Code section 665.-4(2) limits to six months any term of incarceration for contempt of a district court order. We do not address the question of how section 665.4(2) impacts on this case, because in a contempt case arising out of a dissolution decree, the punishment is provided solely by section 598.23(1). *See Skinner v. Ruigh,* 351 N.W.2d 182, 184 (Iowa 1984) (In a contempt case arising out of a child support order, *procedure* of chapter 665 is to be used, but the *punishment* is that prescribed by section 598.23.).

Iowa Code section 598.23(1) (1985) provides:

> If a person against whom a temporary order or final decree has been entered willfully disobeys the order or decree, the person may be cited and punished by the court for contempt and be committed to the county jail for a period of time not to exceed thirty days for *each offense.*

(Emphasis added.)

In an analogous case, *Clark v. District Court,* 255 Iowa 1005, 125 N.W.2d 264 (1963), we held that, where a court's injunction had restrained plaintiff from practicing dentistry, each set of dentures prepared by him in violation of the injunction constituted a separate act of contempt. We held that these separate acts could all be disposed of, as separate contempts, under a single rule to show cause and a single court proceeding.

It has been noted that

> [e]ach separate and distinct act of contempt may be punished, and consecutive sentences imposed therefor; but if a series of acts constitutes but one contempt, or the same contempt is permitted to continue for several days, there cannot be separate punishment for each successive act or day. Whether or not separate acts of contempt have been committed depends on the particular circumstances.

17 C.J.S. *Contempt* § 100, at 285 (1963) (footnotes omitted). *See generally Yates v. United States,* 355 U.S. 66, 78 S.Ct. 128, 2 L.Ed.2d 95 (1957); Annot., 2 L.Ed.2d 1594 (1957).

In *McNabb v. Osmundson,* 315 N.W.2d 9 (Iowa 1982), a father had defaulted on 116 child support payments. In a contempt proceeding under section 598.23, he was adjudged guilty of 116 separate acts of contempt and given two days on each of them, a total of 232 days. The issue of whether such an accumulation of punishment was authorized by section 598.23(1) was not addressed by this court. The parties, however, apparently assumed that multiple punishment was authorized by the statute. Moreover, in discussing whether the contemner in that case was constitutionally entitled to counsel, we noted the possibility of his imprisonment for ten years. We said:

> It is apparent that the full application of these penalties under the district court's rationale (that each unpaid support installment was a separate contempt) would subject this indigent to imprisonment for almost ten years.

*Id.* at 11. In making that observation, we cited *Wilson v. Fenton,* 312 N.W.2d 524, 529 (Iowa 1981), which held that a punitive fine under section 665.4(2) could be leveled retrospectively for separate acts of contempt. The concept of "stacking" consecutive thirty-day jail terms under the circumstances of the present case was therefore given our tacit approval in *McNabb. See*

315 N.W.2d at 11. *See also Ex parte McNemee*, 605 S.W.2d 353, 357 (Tex.Civ. App.1980) (court may, in single proceeding, punish for 112 contempts arising out of child support order) (overruled on other grounds in *Huff v. Huff*, 648 S.W.2d 286 (Tex.1983)).

■ We now hold expressly that separate contempts may be punished in a single proceeding under Iowa Code section 598.-23(1) and that the punishment provided by that section for each "offense" may be imposed as to each of them. We now consider whether it was proper to do so in this case.

A writ of certiorari may be sought when "an inferior tribunal, board or officer, exercising judicial functions, is alleged to have exceeded its, or his proper jurisdiction or otherwise acted illegally." Iowa R.Civ.P. 306. Certiorari is an action at law, not in equity. *In re Marriage of Welsher*, 274 N.W.2d 369, 371 (Iowa 1979). Consequently, our review is not de novo. *Bevers v. Kilburg*, 326 N.W.2d 902, 904 (Iowa 1982); *Lane v. Oxberger*, 224 N.W.2d 245, 247 (Iowa 1974).

■ In this case, the application for contempt did not claim separate acts of contempt. In relevant part, it simply stated:

3. That in accordance with the Decree the Respondent should of [sic] paid child support in the amount of $23,550.00, however has paid only $8321.26 and therefore is delinquent $15,228.74.

4. That the Respondent has been previously cited for contempt for nonpayment of child support, however continues [sic] to make his child support obligations in accordance with the Decree.

5. That Respondent's failure to make child support payments herein is willful and in contempt of this Court.

6. That the Court should find the Respondent in contempt of this Court and punish him accordingly.

WHEREFORE Petitioner prays that the Court enter an order finding the Respondent in contempt of this court and that Respondent's contempt is willful and that appropriate sanctions be imposed by the Court including but not limited to a term of incarceration in Mahaska County jail for *said contempt* and an order for further incarceration in jail for any future [sic] to pay child support.

(Emphasis added.) The gist of the application is obviously that a single, continuing contempt was claimed. While our "notice pleading" rules permit liberality in pleading a civil case, these are quasi-criminal proceedings and more specificity is required. As the Texas court said in *Ex parte McNemee:*

A district court has the power to assess punishment for more than one act of contempt in a single proceeding based upon allegations contained in a single affidavit. This is possible only where the motion for contempt sets out specifically distinct and separate violations of the order violated. This is because a contempt proceeding has some of the incidents of a trial for crime.... Thus, a motion for contempt is comparable to an indictment or information and complaint which must, in separate counts, charge the distinct misdemeanors. Relator did not receive full and unambiguous notification of the multiple accusations made against him upon which the judgment rendered by the trial Court was based, and the requirements of due process were not satisfied.

605 S.W.2d at 357 (citations omitted). *See also In re Oliver*, 333 U.S. 257, 273, 68 S.Ct. 499, 507, 92 L.Ed. 682, 694 (1948) (contemnor entitled to "reasonable notice" of contempt charged).

Furthermore, while the district court punished Johnson on the basis he had committed 310 separate contempts, it did not find that to be a fact. Actually, the computation of the 310 weeks was made in a rather curious fashion. Exhibits show that the total amount paid by Johnson, $8321.26, was deducted from what he should have paid, $23,550. The difference, $15,228.74, was computed to be the arrearage. That amount was, apparently, then divided by

fifty dollars (the total weekly payment required by the decree) and the number of weeks determined to be 310.

The problem with establishing 310 separate contempts by this approach is that it makes no attempt to determine, with specificity, *which* weeks involved a contemptuous act by Johnson. He paid some weeks and defaulted on others. Neither the evidence nor the court's findings attempted to establish which was which.

■ We conclude the affidavit of contempt failed to adequately charge 310 separate acts of contempt. The affidavit was, however, sufficient to charge a single, continuing contempt. To the extent the court found Johnson guilty of contempt of a single act, therefore, we annul the writ. We believe that this finding was supported by the requisite proof beyond a reasonable doubt. *See Phillips v. Iowa District Court,* 380 N.W.2d 706, 707–09 (Iowa 1986). To that extent, the district court was within the authority of section 598.-23(1).

We therefore annul the writ to the extent the court imposed incarceration for a term of thirty days. To the extent not specifically annulled, the writ of certiorari is sustained and the case remanded to district court for entry of an order in compliance with this opinion. The district court may, of course, suspend imposition of the jail sentence to permit payment of the arrearage.

WRIT SUSTAINED IN PART, ANNULLED IN PART, AND CASE REMANDED.