# IN THE COURT OF APPEALS OF IOWA

No. 14-1040
Filed June 10, 2015

**SCOTT SMITH,**
     Plaintiff,

**vs.**

**IOWA DISTRICT COURT FOR**
**MARSHALL COUNTY,**
     Defendant.
_____

Appeal from the Iowa District Court for Marshall County, James A.

McGlynn, Judge.

Plaintiff filed a petition for writ of certiorari challenging the district court

decision finding him to be in contempt for denying visitation and sentencing him

to jail. **WRIT ANNULLED IN PART, GRANTED IN PART, AND REMANDED.**

Cathleen J. Siebrecht of Siebrecht Law Firm, Des Moines, for plaintiff.

Daniel M. Northfield, Urbandale, for defendant.

Considered by Potterfield, P.J., Mullins, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, S.J.**

Plaintiff Scott Smith filed a petition for writ of certiorari challenging the district court decision finding him to be in contempt for denying visitation and sentencing him to jail. We conclude the court did not err in finding Scott was in contempt of the court's orders. The court improperly found Scott had committed more than one instance of contempt. We remand to the district court for a determination of the proper punishment for a single instance of contempt in this case.

## I. Background Facts & Proceedings.

Scott Smith and Jodi Smith, now Jodi Rau, were previously married. They have one child, who reached age eighteen in April 2014. The parties' 1998 dissolution decree granted them joint legal custody, with Jodi having physical care. The decree was modified in 2004 to place the child in Scott's physical care.

The decree was further modified in 2007 to place the child in Scott's sole legal custody. The modification order provided:

> Petitioner Jodi shall be entitled to supervised visitation with [the child]. The cost of such supervision shall be paid for and arranged by Petitioner Jodi. The Respondent [Scott] shall be allowed to designate the supervisor of said visitation and the time and location of said visit.

In an earlier appeal, Jodi claimed the district court improperly permitted Scott to dictate the terms of her visitation. We determined the provision "must be read as incorporating a requirement of reasonableness." *In re Marriage of Smith*, No. 07-1253, 2008 WL 2746316, at *7 (Iowa Ct. App. July 16, 2008). We stated,

> Scott may not designate unreasonable times or locations for Jodi's visitation with [the child], may not unreasonably refuse to designate an appropriate supervisor or supervisors requested by Jodi, and may not cause Jodi to incur expense for supervision of visitations if such expenses can reasonably be avoided.

*Id.* When the provision was construed in this manner we concluded there was no need to modify the provision for supervised visitation. *Id.* We affirmed the modification placing the child in Scott's sole legal custody. *Id.* at *8.

On February 19, 2014, Jodi filed an application for rule to show cause claiming Scott had not been cooperative in permitting her to have supervised visitation with the child. She also claimed he had required her to incur expenses for visitation which reasonably could have been avoided. She asserted Scott moved with the child and did not tell her his address, requiring her to utilize a private detective to find them. Jodi requested make-up visitation and attorney fees. At the contempt hearing she requested Scott serve some time in jail.

The district court entered a ruling on April 30, 2014, finding Scott had unreasonably obstructed Jodi's visitation with the child. The court found:

> Scott insisted that Jodi only use paid, third-party supervisors knowing she was unable to pay their sizeable fees. To insist that she pay what she could not afford to pay as a condition to exercise a right of visitation even though appropriate, no cost options were available, was an abuse of his authority and under the circumstances was manifestly unreasonable. The Court FINDS that Scott was unreasonable in refusing to approve the unpaid supervisors suggested by Jodi, such as her mother and her pastor. Scott did not articulate any risk of physical harm to [the child] if a visit had been supervised by [the child's] grandmother or by Jodi's pastor. Scott was heartless, thoughtless and manifestly unreasonable in refusing to allow Jodi to exercise visitation supervised by her mother or by her pastor.

Although there was not a specific visitation schedule, the court determined Scott had unreasonably denied Jodi supervised visitation on a minimum of thirty

occasions. Because the child had recently turned eighteen years old, the court determined it could not award make-up visitation. The court sentenced Scott to 180 days in jail. After he served ten days in jail, however, the remaining 170 days would be suspended if certain conditions were met. Scott was also prohibited from interfering with Jodi's contact with the now-adult child.

Scott filed a motion pursuant to Iowa Rule of Civil Procedure 1.904(2) asking the court to reconsider its finding he was in contempt and the sentence imposed. Jodi filed a rule 1.904(2) motion asking the court to award her attorney fees. The court again found Scott was in contempt and confirmed his sentence. The court ordered Scott to pay $500 for Jodi's attorney fees.

Scott filed a petition for writ of certiorari, claiming the district court exceeded its authority. The Iowa Supreme Court granted the writ and issued a stay pending resolution of the appeal. The case was subsequently transferred to the Iowa Court of Appeals.

**II. Standard of Review.**

In an original certiorari proceeding, we review for the correction of errors at law. *Sorci v. Iowa Dist. Ct.*, 671 N.W.2d 482, 488 (Iowa 2003). In a certiorari action we consider whether the district court acted within its jurisdiction and authority. *Christensen v. Iowa Dist. Ct.*, 578 N.W.2d 675, 678 (Iowa 1998). "Illegality exists when the court's factual findings lack substantial evidentiary support, or when the court has not properly applied the law." *Id.*

The district court has a wide range of discretion in imposing punishment for contempt. *Newby v. Iowa Dist. Ct.*, 147 N.W.2d 886, 894 (Iowa 1967). "A contemnor's sentence is reviewed for an abuse of discretion." *Ary v. Iowa Dist.*

*Ct.*, 735 N.W.2d 621, 624 (Iowa 2007). "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015).

### III. Contempt.

Scott claims the district court erred by finding him in contempt because there was not sufficient evidence to show he intentionally and willfully violated any terms of the parties' dissolution decree. He asserts the language of the modified decree was uncertain and indefinite. Scott contends he was simply following the language of the modified decree, which stated Jodi's visits should be supervised by a person of his selection. He claims it was not unreasonable for him to require professionally supervised visits.

Contempt occurs when a person willfully violates a court order. *Reis v. Iowa Dist. Ct.*, 787 N.W.2d 61, 68 (Iowa 2010). Willful disobedience occurs when there is "conduct that is intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others, or contrary to a known duty, or unauthorized, coupled with an unconcern whether the contemner had the right or not." *Id.* A finding of contempt by the district court will be upheld if it is supported by substantial evidence, which is "such evidence as could convince a rational trier of fact that the alleged contemner is guilty of contempt beyond a reasonable doubt." *Ervin v. Iowa Dist. Ct.*, 495 N.W.2d 742, 744-45 (Iowa 1993).

One possible defense to contempt is a showing of a lack of clarity or definiteness in the court order. *McKinley v. Iowa Dist. Ct.*, 542 N.W.2d 822, 824 (Iowa 1996). "Before a person may be held in contempt for violating a court order, the order should inform him in definite terms as to the duties thereby

imposed upon him, and the command must therefore be express rather than implied." *City of Dubuque v. Iowa Dist. Ct.*, 725 N.W.2d 449, 453 (Iowa 2006).

We determine there is substantial evidence in the record to show Scott violated the terms of the parties' modified dissolution decree beyond a reasonable doubt. As construed by the Iowa Court of Appeals, the decree provided Scott could "not unreasonably refuse to designate an appropriate supervisor or supervisors requested by Jodi, and may not cause Jodi to incur expense for supervision of visitation if such expenses can reasonably be avoided." Scott rejected Jodi's proposals to have unpaid supervisors, such as her mother, her pastor, or a retired social worker who had previously worked with the parties, supervise the visits. When Scott finally responded to Jodi's requests for visitation, he insisted on professional supervision that would have cost Jodi eighty dollars per hour of visitation, and that he was aware Jodi could not afford. We conclude the court did not err in finding Scott was in contempt of the court's orders.

### IV. Punishment.

The district court determined Scott had improperly denied Jodi visitation on at least thirty different occasions. The court stated it could have imposed a thirty-day jail sentence for each of those thirty instances, but it determined "Scott should be punished for six separate instances of unreasonable denial of visitation." Scott was ordered to serve six consecutive thirty-day sentences in the

county jail, a total of 180 days, with all but ten days suspended if Scott complied with certain conditions.[1]

In contempt cases arising out of dissolution decrees, punishment is governed by Iowa Code section 598.23 (2013). *See Johnson v. Iowa Dist. Ct.*, 385 N.W.2d 562, 563 (Iowa 1986). This section provides, "the person may be cited and punished by the court for contempt and be committed to the county jail for a period of time not to exceed thirty days for each offense." Iowa Code § 598.23(1).

Scott claims the application for rule to show cause only alleged one instance of contempt, and therefore, he could be sentenced to a maximum of thirty days in jail. Where an application for contempt does not claim separate acts of contempt, a person cannot be punished for more than one act of contempt. *Johnson*, 385 N.W.2d at 564. Multiple punishments are permissible "only where the motion for contempt sets out specifically distinct and separate violations of the order violated." *Id.* The application in this case asked for Scott to "be found in contempt of this Court." Because the application did not allege multiple instances of contempt, Scott did not receive "clear notice of multiple accusations," and could be punished for only one offense. *See In re Marriage of Bruns*, 535 N.W.2d 157, 164 (Iowa Ct. App. 1995). Under section 598.23(1) he could be sentenced to a maximum of thirty days in jail.

---

[1] The conditions were (1) Scott could not obstruct, hinder, interfere with or deny contact between Jodi and the child and (2) Scott was required to sign a statement acknowledging he had no right to interfere in the relationship between Jodi and the child, who was now legally an adult.

Scott also asserts he did not receive sufficient notice he was facing incarceration if he was found to be in contempt in the present proceedings. The application for rule to show cause did not request Scott be punished by serving time in jail. At the beginning of the contempt hearing, however, Jodi's attorney stated, "And she is also asking since this has gone on for so long without her seeing the child, she is asking for some jail time for Scott." Scott's counsel stated there was no request for jail time in the application for rule to show cause.

The district court did not separately rule on the issue of whether Scott could be sent to jail when the application did not request jail time, but the court did order Scott to serve time in jail. Scott did not raise the present issue concerning a lack of notice in his rule 1.904(2) motion. We conclude Scott has not preserved error on this issue. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal.").

The district court properly found Scott in contempt, and we annul the writ on this issue. To the extent the court determined Scott should be committed to the county jail for more than thirty days, we grant the writ of certiorari. We remand to the district court for a determination of the proper punishment for a single instance of contempt.

**WRIT ANNULLED IN PART, GRANTED IN PART, AND REMANDED.**